UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PADILLA CONSTRUCTION COMPANY, et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>MARTIN J. WALSH, et al.,<br><br>           Defendants. | CASE NO. 2:18-cv-1214<br><br>JOINT JUDGMENT<br><br>Hon. George H. Wu |

   In resolution of the Court's March 28, 2022 Order adopting its March 25, 2022 tentative ruling, the parties have agreed on a joint proposed judgment as follows:

   1) The United States Department of Labor ("DOL") shall propose to rescind the registration requirements of 20 C.F.R. § 655.11 and 20 C.F.R. § 655.12 and propose conforming edits throughout 20 C.F.R. § 655, subpart A, to remove references to the H-2B registration process through proper notice and comment procedures; and

   2) Provided the H-2B Application submitted by the employer, or its authorized attorney or agent, meets all regulatory requirements, DOL shall use the Notice of Acceptance ("NOA") issued under 20 C.F.R. § 655.33 to inform the qualifying H-2B employer of the following related to its temporary need:

      a) State that DOL has determined that the nature of the employer's need for the services or labor to be performed is temporary as defined in 8 C.F.R. § 214.2(h)(6)(ii), but that the Department of Homeland Security is the final arbiter of temporary need and may overturn the determination made by

DOL. *See* 8 C.F.R. § 214.2(h)(5)(iv)(B);

b) Provide a unique temporary need registration number associated with both the services or labor to be performed and also with the dates of need; state the period of time for which the number will remain active, which shall be for up to three years; and direct the employer to disclose the unique registration number on Field B.8 of the Form ETA-9142B, *H-2B Application for Temporary Employment Certification*, in future H-2B Applications filed while the unique registration number remains active;

c) Advise the employer that DOL, when adjudicating the employer's temporary need, will consider an active unique registration number as one piece of evidence that the employer has satisfied the temporary need requirement and will also consider (i) if the temporary need registration number entered on a future application is obviously inaccurate, inactive, or associated with a different employer or job opportunity; (ii) if the nature of the job classification, duties, number of workers needed, and/or period of need has materially changed; (iii) if the nature of the employer's need for services or labor to be performed has materially changed; and (iv) any other information or documentation before the Certifying Officer ("CO") that suggests the nature of the employer's need may not be temporary; and

d) Notify the employer that the unique registration number and temporary need determination may not be transferred from one employer to another unless the employer to which it is transferred is a successor in interest to the employer to which it was issued.

3) If in any future H-2B Application submitted by the employer, or its authorized attorney or agent, DOL has reason to believe an employer's need may not be temporary as a result of a review of the information described in paragraph 2(c) above, DOL may issue a Notice of Deficiency pursuant to 20 C.F.R. § 655.31 informing the employer that the temporary need determination

associated with the unique registration number has been called into question, and that the unique registration number has been deactivated. The deactivation of the unique registration number is not appealable. The Notice of Deficiency will state the reason(s) why the application fails to demonstrate a temporary need and state the documentation or information needed to make a new determination of the employer's temporary need. Should the CO ultimately determine that the employer's need is temporary, the unique registration number will be reactivated for another period of time, which shall be for up to three years.

4) DOL shall announce the procedure set forth in Paragraphs 2 and 3 on both its website at www.dol.gov/agencies/eta/foreign-labor, and by electronic mail to all employers and their authorized attorneys or agents, as applicable, who submitted H-2B applications during calendar years 2021 and 2022.

5) The Court shall have continued jurisdiction to enforce Paragraphs 1 through 4 of this judgment.

6) This judgment shall not restrict DOL's ability to issue future rules pertaining to temporary need through the proper rulemaking process.

7) The parties intend to resolve the issue of fees and costs through a separate agreement. The Court shall retain jurisdiction over the issue of fees in this matter pursuant to Federal Rule of Civil Procedure 54 in the event the parties do not reach agreement, or if the parties do reach agreement, only to the extent of ensuring the parties' agreement is enforced.

//
//

8) The Court grants partial summary judgment in Defendants' favor with respect to Plaintiffs' first cause of action and grants partial summary judgment in Plaintiffs' favor with respect to Plaintiffs' second cause of action. With the parties having agreed on the terms noted above, this judgment resolves the instant matter, and this case is now closed.

IT IS SO ORDERED.

DATED: November 2, 2022.

_____
HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE